IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | |
|---|---|
| ROLAND JEVON HOPKINS, )<br>)<br>  Petitioner, )<br>)<br>v. )<br>)<br>JOEL ZIEGLER, Warden, )<br>)<br>  Respondent. ) | Civil Action No. 5:10-01356 |

PROPOSED FINDINGS AND RECOMMENDATION

Pending is Petitioner's Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in Federal Custody.[1] (Document Nos. 1 and 6.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 3.) Having examined Petitioner's Section 2241 Application, the undersigned finds, and hereby respectfully recommends, that Petitioner's Application should be dismissed.

FACT AND PROCEDURE

A.   **Criminal Action No. 7:06-cr-0002:**

On January 4, 2007, Petitioner pled guilty in the Middle District of North Carolina to one count of conspiracy to distribute 50 grams or more of a mixture and substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). United States v. Hopkins, Case No. 1:06-cr-0439 (M.D.N.C. April 6, 2007), Document No. 35. On April 6, 2007, the District Court ordered that Petitioner serve a 385-month term of incarceration to be followed by

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

a five-year term of supervised release. Id., Document No. 47. Petitioner did not appeal his conviction or sentence.

**B.     Motion for Relief Pursuant to Rule 60(b):**

On November 27, 2007, Petitioner filed in the Middle District of North Carolina a *pro se* Motion for Relief Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Id., Document No. 56. By Recommendation and Order entered on November 29, 2007, United States Magistrate Judge Russell A. Eliason determined that Petitioner's pleading should be construed as a request for *habeas* relief pursuant to 28 U.S.C. § 2255 and dismissed as defective because Petitioner failed to file his claims on the proper Section 2255 forms. Id., Document No. 57. Petitioner filed his Objections on December 13, 2007. Id., Document No. 59. By Memorandum Opinion and Order entered on February 11, 2008, United States District Judge William L. Osteen, Jr., adopted the Magistrate Judge's recommendation and dismissed Petitioner's Section 2255 action without prejudice. Id., Document Nos. 63 and 64.

**C.     Section 2255 Motion:**

On March 7, 2008, Petitioner filed in the Middle District of North Carolina his Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. Id., Document No. 68. On December 12, 2008, Petitioner filed his Corrected Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. Id., Document No. 75. In his Motion, Petitioner asserted the following grounds for relief: (1) "the court did not have jurisdiction over Petitioner's case and/or that the statutes used to prosecute him were invalid;" (2) ineffective assistance of counsel; (3) "his rights under the Fourth Amendment of the United States Constitution were violated when he, and the evidence used to prosecute him, were illegally seized;" (4) "he was sentenced as a career offender even though he did

not qualify as one;" and (5) "the sentencing judge erred by failing to treat the sentencing guidelines as advisory, rather than mandatory." Id. On August 14, 2009, the United States filed a Motion to Dismiss. Id., Document No. 90. By Memorandum Opinion and Recommendation entered on December 10, 2009, the United States Magistrate Judge Wallace W. Dixon recommended that the United States' Motion to Dismiss be granted. Id., Document No. 94. Petitioner filed his Objections on December 30, 2009. Id., Document No. 97. By Judgment Order entered on March 8, 2010, the District Court adopted the Magistrate Judge's recommendation and granted the United States's Motion to Dismiss. Id., Document No. 98. Petitioner filed a Notice of Appeal on March 19, 2010. Id., Document No. 99. On January 26, 2011, the Fourth Circuit dismissed Petitioner's appeal. Id., Document Nos. 114 and 115.

**D.    Section 2241 Petition:**

On December 7, 2010, Petitioner filed his instant Petition requesting relief under 28 U.S.C. § 2241 and Memorandum in Support. (Civil Action No. 5:10-01356, Document No. 1.) Petitioner asserts that he "is actually innocent of being a career offender" based upon United States v. Warren. (Id., pp. 6, 9 - 10.) Petitioner contends that "the Fourth Circuit Court of Appeals decided in United Stats v. Warren that North Carolina Statute § 20-141.5 includes behavior that is and behavior that is not worthy of enhancement under § 4B1.1 of the Guideline." (Id., pp. 9 - 10.) Petitioner explains that "at the time of sentencing, the Speeding to Allude conviction was counted as a crime of violence." (Id., pp. 11- 14.) Petitioner argues that "after the Fourth Circuit's rational in Warren, a conviction under that statute, without the aggravating factors, does not constitute a crime of violence for career offender purposes." (Id.) Petitioner argues that the Warren "decision was not available when Petitioner filed his first § 2255, it renders him factually innocent of being a career offender,

3

and it is not a constitutional ruling that would allow for a second § 2255 to be filed." (Id.)

As Exhibits, Petitioner attaches the following: (1) A copy of United States v. Warren, 2010 U.S. App. LEXIS 12553 (4th Cir. June 18, 2010) (Id., pp. 17 - 22.); (2) A copy of "General Assembly of North Carolina Session 2009, Senate Bill 300" (Id., p. 22.); (3) A copy of North Carolina Code § 20-141.5 (Id., pp. 23 - 24.); (4) A copy of North Carolina Code § 20-166 (Id., pp. 25 - 26.); (4) A copy of "General Assembly of North Carolina, Session 2005, Legislative Incarceration Fiscal Note" regarding "Speeding to Elude Arrest" (Id., pp. 27 - 30.); and (5) A copy of North Carolina Code § 14-3 (Id., p. 31.)

On March 15, 2011, Petitioner filed an Amendment to his Section 2241 Petition. (Document No. 6.) In his Amended Petition, Petitioner challenges his sentencing enhancement based upon Carachuri-Rosendo v. Holder, 560 U.S. 563, 130 S.Ct. 2577, 177 L.Ed.2d 68 (2010). (Id.) Specifically, Petitioner argues that "it is no longer permissible for a court to employ a hypothetical approach when determining whether a prior offense was punishable by a term of imprisonment exceeding one year." (Id.)

**E.     Second Section 2255 Motion:**

On February 8, 2012, Petitioner filed in the Middle District of North Carolina his second Section 2255 Motion. Hopkins, Case No. 1:06-cr-0439, Document No. 127. In his Motion, Petitioner challenges the validity of his sentence based upon United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). Id. By Order entered on February 22, 2012, the Court directed the United States to file a Response to Petitioner's Motion. Id., Document No. 128. On May 15, 2012, the United States filed

its Response in Opposition and Motion to Dismiss.² Id., Document No. 135. Petitioner filed his Reply on June 4, 2012. Id., Document No. 137. By Order entered on September 18, 2012, the Court directed the United States to file a Supplemental Response based upon "Simmons-related cases" and appointed counsel to represent Petitioner. Id., Document No. 141. On November 16, 2012, the United States filed his Supplemental Response.³ Id., Document No. 147. Petitioner has filed several Motions for Extension of Time to file his Supplemental Reply, which have been granted by the

---

² In Response to Petitioner's challenge to his sentencing enhancement, the United States argued as follows:

Without considering that Hopkins was a career offender, Hopkins had a criminal history level of IV. PSR, § 47, p. 16. An offense level of 40, criminal history category of IV, yields a guideline range of 360 to life, which is the same range that Hopkins had when sentenced. Therefore, Hopkins can show no prejudice under United States v. Simmons, 649 F.3d 237 (4th Cir. 2011)(en banc), due to the nature of any prior convictions. The drug quantities drove the sentencing in the case, not the prior convictions or the career offender status.

*Hopkins*, Case No. 1:06-cr-0439, Document No. 135.

³ In its Supplemental Response, the United States asserts as follows:

The Government filed its response and motion to dismiss on May 15, 2012, in Document # 135. The Government's position has not changed since that time, and the reasons given to the Court are respectfully resubmitted. Hopkins asserts that he was improperly punished as a career offender. Even though Hopkins was in fact a career offender, this designation did not drive Hopkin's punishment because the drug quantities were so very high. Hopkins would have had the same guideline range without being a career offender.

After a reduction for acceptance of responsibility, the total offense level was 40. PSR, ¶ 36. Being a career offender meant that the criminal history category was VI, which resulted in a guideline range of 360 to life. PSR, ¶ 76. The fact is, however, that Hopkins would have had the same guideline range without being a career offender. Hopkins had 9 criminal history points which would result in a criminal history category of IV. An offense level of 40 with a criminal history category of IV results in a guideline range of 360 months to life, the same range that Hopkins had. So, there is no prejudice to Hopkins.

5

Court. Id., Document Nos. 152 - 165. Currently, the deadline for Petitioner's Supplemental Reply is November 30, 2013. Id., Document No. 165.

## ANALYSIS

In considering an inmate's application for *habeas* relief under 28 U.S.C. § 2241, the Court must consider whether the inmate is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Rose v. Hodges, 423 U.S. 19, 21, 96 S.Ct. 175, 177, 46 L.Ed.2d 162 (1975). The Court notes that Section 2241 is merely a general grant of *habeas corpus* authority. See Medberry v. Crosby, 351 F.3d 1049, 1062 (11th Cir. 2003). More specific grants of *habeas corpus* authority are found in 28 U.S.C. § 2254 (state prisoners) and 28 U.S.C. § 2255 (federal prisoners). See Thomas v. Crosby, 371 F.3d 782, 785 (11th Cir. 2004). Section 2255 is the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective. In Re Jones, 226 F.3d 328, 333 (4th Cir. 2000). The remedy under Section 2241 is not an additional, alternative or supplemental remedy to that prescribed under Section 2255. Rather, Section 2241 applies to circumstances factually quite different from those properly considered under Section 2255. While the validity of Petitioner's conviction and/or sentence is in issue under Section 2255, matters pertaining to Petitioner's "commitment or detention" are properly the subject under 28 U.S.C. § 2241. See 28 U.S.C. § 2242. Thus, in addition to those very narrow circumstances under which Section 2255 is "inadequate and ineffective," issues arising out of the allegedly unlawful or incorrect computation of Petitioner's sentence and resulting in an unconstitutional restraint upon his liberty are properly considered under 28 U.S.C. § 2241. Allegations that a federal conviction or sentence is invalid are therefore appropriately considered under Section 2255, and allegations respecting the execution of a federal

sentence are properly considered under Section 2241. "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

In view of the nature of the claims, the undersigned finds Petitioner's claims are ones properly considered under Section 2255, not Section 2241. Essentially, Petitioner challenges the validity of his sentence imposed by the Middle District of North Carolina. Specifically, Petitioner contends that his sentence was improperly enhanced. Petitioner is clearly challenging the validity of his sentence, not the manner in which his sentence is being executed. Accordingly, the undersigned will briefly consider Petitioner's claims under Section 2255 for the sole purpose of determining whether the instant Section 2241 Application should be (1) dismissed, or (2) construed as a Section 2255 Motion and transferred to the appropriate jurisdiction. See Pack, 218 F.3d at 452.

It is quite clear from the language in the first paragraph of 28 U.S.C. § 2255 that Motions thereunder must be filed in the sentencing Court. The first paragraph of 28 U.S.C. § 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, *may move the court which imposed the sentence to vacate, set aside or correct the sentence.*

(Emphasis added.) Viewing Petitioner's Application as a Section 2255 Motion, it is clear that this District Court lacks jurisdiction to consider it. Rather, jurisdiction is properly in the Middle District of North Carolina. While a Section 2255 Motion filed in a Court other than the sentencing Court should be transferred to the Court which sentenced the petitioner, Petitioner's instant Application

should not be construed and transferred as a Section 2255 Motion because Petitioner has proceeded under Section 2255 in the sentencing Court at least once before. Additionally, Petitioner has challenged the validity of his sentencing enhancement in a second or successive Section 2255 Motion, which is currently pending in the sentencing Court.

To the extent Petitioner is claiming that Section 2255 is inadequate or ineffective, the undersigned will consider his claims under Section 2241. Although a Section 2255 Motion is the proper vehicle for challenging a federal conviction or sentence, Section 2241 may be used by a federal prisoner to challenge the legality of his conviction if he can satisfy the mandates of the Section 2255 "savings clause." Section 2255 contains a "savings clause" that allows an individual to file a petition challenging his conviction in a venue other than the sentencing court if the Petitioner can establish that his remedy under Section 2255 is "inadequate or ineffective." In re Jones, 226 F.3d at 333("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). The Petitioner bears the burden of showing the inadequacy or ineffectiveness of a Section 2255 Application. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). The fact that relief under Section 2255 is barred procedurally or by the gatekeeping requirements of Section 2255 does not render the remedy of Section 2255 inadequate or ineffective. In re Jones, 226 F.3d at 332; Young v. Conley, 128 F.Supp.2d 354, 357 (S.D.W.Va.)(Chief Judge Haden), aff'd, 291 F.3d 257 (4th Cir. 2001), cert. denied, 537 U.S. 938, 123 S.Ct. 46, 154 L.Ed.2d 242 (2002). The Fourth Circuit has stated that "§ 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the

prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." In re Jones, 226 F.3d at 333-34. It appears, however, that the Fourth Circuit has not recognized an entitlement to proceed under section 2241 when an inmate challenges his *sentence* contending that the remedy under Section 2255 is inadequate or ineffective. See United States v. Poole, 531 F.3d 263, 267 fn. 7 (4th Cir. 2008), ("Fourth Circuit precedent has likewise not extended the reach of the [Section 2255(e)] savings clause to those petitioners challenging only their sentences. See In re Jones, 226 F.3d 228, 333 - 34 (4th Cir. 2000)(outlining the circumstances in which '§ 2255 is inadequate or ineffective to test the legality of a *conviction*')(emphasis added).") "The remedy provided under Section 2255(e) opens only a narrow door for a prisoner to challenge the validity of his conviction or sentence under Section 2241." Boynes v. Berkebile, 2012 WL 1569563 at *6 (S.D.W.Va.)(District Judge Berger).

      Based upon the foregoing, the undersigned concludes Petitioner has not demonstrated and cannot demonstrate that Section 2255 was inadequate or ineffective such that he could resort to Section 2241. Petitioner does not allege an intervening change in law that establishes his actual innocence of the underlying conviction. Citing Warren, Petitioner argues that the sentencing Court improperly considered a prior state conviction as a predicate offense for purposes of classifying him as a career offender pursuant to U.S.S.G. § 4B1.1(a). The undersigned finds that Petitioner's challenge to the validity of his *sentence* based upon Warren and Carachuri-Rosendo does not meet

9

the requirements of the saving clause.[4] See Bennett v. United States, 2012 WL 5511643 (S.D.W.Va. Oct. 23, 2012); also see Noggin v. Wilson, 2013 WL 5603226 (E.D.Va. Oct. 11, 2013)(finding that Petitioner could not challenge his *sentence* based upon *Miller* and *Simmons* under a Section 2241 Petition);[5] Chambers v. United States, 2013 WL 171091, * 3 (W.D.N.C. Jan. 16, 2013)(finding that Petitioner's challenge to his sentence as being impermissibly enhanced based on a prior North Carolina state drug conviction does not come within the purview of § 2241 as outlined in *Jones*); Moon v. United States, 2012 WL 6212616, * 2 (D.S.C. Dec. 13, 2012)(Since petitioner challenges his armed career criminal sentencing enhancement based upon *Simmons*, he has not raised a claim that may be presented in a Section 2241 Petition). As stated above, Section 2255 is not rendered

---

[4] In *United States v. Warren*, 383 Fed.Appx. 360 (4th Cir. 2010), the Fourth Circuit determined that the categorical approach did not apply to determine whether a prior conviction was a violent felony for purposes of the Armed Career Criminal Act where the North Carolina statute under which defendant was convicted could be committed in multiple ways, some violent and some non-violent. The Fourth Circuit, therefore, determined that a modified-categorical approach should be applied in which the court could review the charging documents and judicial records to determine whether defendant was convicted of generic conduct that would constitute a violent felony.

[5] In 2010, the United States Supreme Court decided *Carachuri-Rosendo v. Holder*, 560 U.S. 563, 130 S.Ct. 2577, 177 L.Ed.2d 68 (2010). In *Carachuri-Rosendo*, the Supreme Court held that when determining whether a conviction is an 'aggravated felony' for purposes of the Immigration and Nationality Act, the Court must look at the defendant's actual conviction and not the offense for which he could have possibly been convicted based on his conduct. *Id.* Subsequently, the Fourth Circuit decided *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011). In *Simmons*, the Fourth Circuit vacated defendant's sentence in light of *Carachuri-Rosendo*. *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011). The Fourth Circuit determined that a prior conviction under North Carolina law is punishable by more than one year of imprisonment only if the defendant's conviction, based on his individual offense characteristics and criminal history, allowed for such a sentence. *Id.* at 244. Thus, the Fourth Circuit held that in order for a prior felony conviction to qualify as a predicate offense, the individual defendant must have been convicted of an offense for which the defendant could be sentenced to a term exceeding one year. *Id.* On August 21, 2013, the Fourth Circuit determined that *Simmons* is retroactive to cases on collateral review that involve claims of actual innocence of an underlying Section 922(g) conviction. *Miller v. United States*, 2013 WL 4441547 (4th Cir. Aug. 21, 2013).

inadequate or ineffective merely because an individual is barred procedurally or by the gatekeeping requirements of Section 2255. Therefore, Petitioner has failed to sustain his burden of showing the inadequacy or ineffectiveness of a Section 2255 Motion and his Section 2241 Petition should be dismissed.

## **PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Application for Writ of *Habeas Corpus* by a Person in Federal Custody Pursuant to 28 U.S.C. § 2241 (Document Nos. 1 and 6.) and **REMOVE** this matter from the Court's docket.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.

Case 5:10-cv-01356   Document 11   Filed 10/31/13   Page 12 of 12 PageID #: 61

Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

Date: October 31, 2013.

R. Clarke VanDervort
United States Magistrate Judge